### Illinois Central Railroad Company v. William McCowan.

1. Fellow-Servants—*Foreman of Contractors, and Employes of a Railroad Company.*—A foreman and gang of men were building stone walls, the work being done for a railroad company by contract, under which the railroad company was required to furnish the necessary

switching and side track facilities to place the stone at the sites where it was to be used, the company to unload it promptly, and under which contract the course of business was that said foreman directed the servants of the railroad where he wanted the stone placed, but had no voice in saying how they should be got there. *It was held,* that the relation of fellow-servants did not exist between such foreman and the servants of the railroad company.

2. TRIALS BY THE COURT—*Effect of Finding.*—The finding of a court trying a cause without a jury, in regard to questions of negligence and ordinary care, stands upon the same footing as the verdict of a jury upon such questions.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Mr. Justice WATERMAN, dissenting. Opinion filed June 14, 1897.

JOHN G. DRENNAN, attorney for appellant; JAMES FENTRESS, of counsel.

RICHARD PRENDERGAST, attorney for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Under a peculiar stipulation, which there is no need to copy, this case was tried without a jury. The only claim of the appellee on the trial and here, was and is, that he was rightfully at work upon the north end of a car standing still, and that the appellant bumped from the north another car against the one he was upon, and as a result he fell off to the north, and was run over by the car that had come against the one upon which he was.

This version stands only upon his own wholly uncorroborated testimony, contradicted by the testimony of all the other persons present—some half dozen.

In such a case a verdict of a jury or finding of a court against the overwhelming preponderance of the evidence, ought not to stand. North Chicago St. Ry. v. Lotz, 44 Ill. App. 78.

Vituperation and charges of perjury and subornation of perjury, do not supply the lack of proof that the manner of the injury to the appellee was as he states it to have been.

Whether upon the real facts the appellee has any right to recover, is a question which remains to be considered.

The record furnishes us no information as to the ground the court went upon in finding for the appellee.

He was the foreman of a gang of men building stone walls in work being done by contract for the appellant. The contract between the appellant and the employers of the appellee required the appellant "to furnish the necessary switching and side track facilities" to place the stone at the sites where it was to be used—the employers to unload it promptly. Under this contract the course of business was that the appellee did direct the servants of the appellant where he wanted carloads of stone placed, but had no voice in saying how they should be got there.

There was no fellow-servant relation between the appellee and the servants of the appellant.

A car loaded, or partly so, with stone, was being pushed south on the track. In the train were four cars—one south of the one first spoken of, and two north of it, and between it and the locomotive.

On the car first spoken of, and near the south end of it, the appellant was at work "dogging" a stone—making holes in it for placing tools to lift it off the car.

The conductor of the train was on the ground at the side of the train, and at the moment of the injury to the appellee within "eight or ten feet" of both the appellee and a brakeman on the south car, and directed the brakeman to pull the pin of the coupling between the cars, and also directed the locomotive engineer to stop.

It is readily seen that as the train was backing at a speed of about four miles an hour these movements left the south car free to proceed, when the speed of the rest of the train diminished before stopping, and that the tendency of moveable objects, on the car the appellee was upon, was to go over to the south end of that car, by reason of the momentum gained by the movement of the car. The appellee was such an object—off his guard by attention to the work of "dogging" the stone, no doubt in an attitude not favor-

able to steady standing—and he went over the south end of the car, which, not stopping instantly, ran over him, in "drifting south, probably a car length." The evidence does not justify us to say that the attention of the appellee was called to the fact that the movements directed by the conductor were about to be made, nor that he in any way had notice of what was about to happen.

Now, if the case had been tried by a jury, under correct instructions, or none at all, and a verdict been rendered (as it would have been) for the appellee, could we say that the appellee, absorbed in his work, without notice of anything to excite apprehension of danger, was not in the exercise of ordinary care, and that the servants of the appellant, knowing his position, and the tendency upon him of the movements about to be made, were not negligent in making those movements without calling his attention? Unless we could answer one or the other of those questions in favor of the appellant, we could not disturb such a verdict, and the finding of the court stands upon the same footing. There are counts in the declaration that fit such a case, and for ought we know, it was upon that case that the court held that the appellee was entitled to recover. We have a strong suspicion that in taking this view we are—while reviewing the record—not reviewing the action of the Circuit Court; but it is upon the record that we must act, and if error is not there shown, the judgment must be affirmed.

The contract between the appellant and the employers of the appellee provided that the appellant would "not furnish transportation for any of the contractors, foremen or laborers, to or from the work." It would be straining the words to hold that the presence of the appellee upon a car, preparing a stone for unloading, was thereby wrongful, even if the car was moving in the course of switching.

Upon the whole record we can not say that the judgment is wrong, and it is therefore affirmed.

Mr. Justice Waterman, dissents.